IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LINDA R. DUARTE, KEVIN MCCOWAN, | ) CIVIL NO. 08-00185 JMS/KSC )  ) ORDER GRANTING IN PART AND |
| Plaintiffs, | ) DENYING IN PART BOYD ) DEFENDANTS' MOTION FOR |
| vs. | ) SUMMARY JUDGMENT ) |
| CALIFORNIA HOTEL & CASINO dba CALIFORNIA HOTEL; et al., | ) ) ) |
| Defendants. | ) ) |
| _____ | ) |

## ORDER GRANTING IN PART AND DENYING IN PART BOYD DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### I. INTRODUCTION

On April 24, 2008, Plaintiffs Linda Duarte ("Duarte") and Kevin McCowan (collectively "Plaintiffs") filed a Complaint against California Hotel & Casino (the "Hotel"), Boyd Gaming Corp. ("Boyd"), Michael Cushman ("Cushman") and James Wall ("Wall") in their individual and representative capacities as employees of Boyd, Orkin Commercial Services ("Orkin"), and Lonnie Tucker in his individual and representative capacity as an Orkin Operations Manager, seeking redress for injuries Duarte allegedly sustained from bug bites and exposure to insecticides at the Hotel in December 2003.

Currently before the court is the Hotel, Boyd, Cushman and Wall's (collectively "Boyd Defendants") Motion for Summary Judgment,[1] in which they argue that the claims against them are barred by the two-year limitations period provided in Hawaii Revised Statutes ("HRS") § 657-7. For the following reasons, the court GRANTS in part and DENIES in part Boyd Defendants' Motion.

## II. BACKGROUND

### A. Factual Background

Duarte was a guest at the Hotel starting on December 7, 2003. Compl. ¶ 13. On December 9, 2003, Duarte awoke "and discovered that she had a rash on her body of what appeared to be insect bites." *Id.* ¶ 14; *see also* Duarte Decl. ¶ 6 ("I awoke in my room at the California Hotel and discovered a rash that at the time I thought was probably insect bites."). Duarte reported the rash to a housekeeper and after returning from a shopping trip, found that the linens in her room had been removed, the bed mattress turned over, and her personal belongings still in the room. Compl. ¶¶ 15, 17; Duarte Decl. ¶¶ 7, 10. In the meantime, her rash had intensified and she experienced a high temperature, nausea, and diarrhea. Compl. ¶ 16; Duarte Decl. ¶ 8. The Hotel moved Duarte to

---

[1] Although Boyd Defendants styled their motion as a motion to dismiss, both Plaintiffs in Opposition and Boyd Defendants in reply submitted exhibits for the court's review. During the hearing, neither party objected to the court treating this motion as one for summary judgment.

another room, and Duarte filled out incident reports. Duarte Decl. ¶¶ 12-13. In a "Guest Accident Report," Plaintiff provided the following statement:

> I woke up feeling as if something stung or bit me on the neck/head area. Red splotches started around 6 a.m. and progressed throughout the day in number and size -- caused most likely by contact with something that reacted with my body.

Pls.' Ex. 2; *see also id.* (describing the event and explaining that the "welts increased in number and size -- to all over the body -- very itchy and hard welty spots"). The Hotel security personnel later transported Duarte to Freemont Medical Center, where she was examined by a physician, treated with a steroid shot, and given a prescription. Compl. ¶ 18.

The next day, Duarte spoke with Cushman, an employee of the Hotel's Risk Management Department, about her symptoms. In response to questions, Cushman told Duarte that no others were ill and that he had no idea what caused her illness. *Id.* ¶¶ 20-21; *see also* Duarte Decl. ¶ 14. Hotel representatives instead suggested that Duarte's symptoms were caused by an allergy to detergents used to clean the bedding or room. Duarte Decl. ¶ 15. Duarte stayed at the Hotel through December 11, 2003 and continued to experience a high temperature and rash over her body. Compl. ¶ 22.

Upon her return to Hawaii, Duarte still suffered from the rash and began to suffer additional serious complications. *Id.* ¶ 23; Duarte Decl. ¶ 16. From December 2003 through August 2006, Plaintiffs repeatedly contacted the Hotel, Boyd, and Wall, the Hotel's Guests Relations Manager, seeking any information that would enable Duarte's physicians to diagnose and/or treat her medical conditions. Compl. ¶ 24; Duarte Decl. ¶ 19. In response, Boyd Defendants strenuously denied that Duarte had suffered insect bites, and provided erroneous information regarding the possible causes of her symptoms. Compl. ¶ 25; Duarte Decl. ¶ 19. Due to Boyd Defendants' lack of disclosure, Duarte's doctors have been unable to determine the cause of her symptoms. Duarte Decl. ¶ 18. Duarte also consulted with attorneys to determine if she had any claims, but they would not help her without information regarding how and why the initial rash appeared and what might have caused any allergies or other reactions from which she was suffering. Duarte Decl. ¶ 20.

On August 24, 2006, Duarte received a letter from Wall confirming, for the first time, that she had been exposed to bed bugs at the Hotel and that Orkin employees sprayed her first room with highly toxic chemicals before she was moved. Compl. ¶ 26; *see also* Pls.' Ex. 1. To this day, Duarte suffers from

serious and permanent physical and neurological injuries, and Plaintiffs suffer mental pain, anguish, emotional distress, worry, and anger. Compl. ¶¶ 28, 30.

**B.     Procedural Background**

On April 24, 2008, Plaintiffs filed their Complaint, alleging five causes of action: (1) violation of special duty as innkeepers; (2) breach of implied warranty of habitability; (3) negligent infliction of emotional distress; (4) punitive damages; and (5) fraud.

On June 24, 2008, Boyd Defendants filed their Motion for Summary Judgment. On August 7, 2008, Plaintiff filed an Opposition, and Defendants filed a Reply on August 14, 2008. A hearing was held on August 25, 2008.

### III.  STANDARD OF REVIEW

Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Rule 56(c) mandates summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Broussard v. Univ. of Cal. at Berkeley*, 192 F.3d 1252, 1258 (9th Cir. 1999).

"A party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and of identifying those portions of the pleadings and discovery responses that demonstrate the absence of a genuine issue of material fact." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007) (*citing Celotex*, 477 U.S. at 323); *see also Jespersen v. Harrah's Operating Co.*, 392 F.3d 1076, 1079 (9th Cir. 2004). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . [and] come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 586-87 (1986) (citation and internal quotation signals omitted); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (stating that a party cannot "rest on mere allegations or denials of his pleading" in opposing summary judgment).

An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. An issue is material if the resolution of the factual dispute affects the outcome of the claim or defense under substantive law governing the case. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 919 (9th Cir. 2001). When considering the evidence on a motion for summary judgment, the court must draw all reasonable

inferences on behalf of the nonmoving party. *Matsushita Elec. Indus. Co.*, 475 U.S. at 587.

## IV. **DISCUSSION**

The parties agree that in general the claims asserted by Plaintiffs are subject to the two-year statute of limitations provided in HRS § 657-7. *See* Pls.' Opp'n 5. Boyd Defendants argue that the statute of limitations began on December 9, 2003, the date that Duarte first experienced her rash. *See* Defs.' Mot. 5. Because Plaintiffs did not file this action until April 24, 2008 -- over two years after the statute of limitations would have expired -- Boyd Defendants reason that Plaintiffs' Complaint is time-barred. In Opposition, Plaintiffs argue that Boyd Defendants fraudulently concealed from them the factual basis of their claims, such that their claims take benefit of the six-year statute of limitations provided in HRS § 657-20. Based on the following, the court agrees with Boyd Defendants that Plaintiffs' claims, to the extent based on exposure to bed bugs alone, are time-barred as a matter of law.[2]

---

[2] Neither party addressed the factual assertions supporting each claim, and whether any claims are based on events that occurred within two years of the filing the Complaint. Specifically, the Complaint alleges that "[u]p to and until August, 2006, the Defendants and their agents strenuously denied that [Duarte] had suffered insect bites and provided erroneous information as to the possible causes of her symptoms." Compl. ¶ 25. To the extent any of Plaintiffs' claims are based on Boyd Defendants breaching a duty to disclose that Duarte had been exposed to bed bugs and toxic chemicals, it is possible that such claims may be timely.
(continued...)

Section 657-7 provides that "[a]ctions for the recovery of compensation for damage or injury to persons or property shall be instituted within two years after the cause of action accrued, and not after . . . ." "Under HRS § 657-7, a tort claim accrues when the plaintiff discovers, or through the use of reasonable diligence should have discovered, the negligent act, the damage, and the causal connection between the two." *Ass'n of Apartment Owners of Newton Meadows v. S. Horita Contracting & Bldg. Supplies, Ltd.*, 115 Haw. 232, 277, 167 P.3d 225, 270 (2007) (*citing Yamaguchi v. Queen's Med. Ctr.*, 65 Haw. 84, 90, 648 P.2d 689, 693-94 (1982)).

The court finds that the statute of limitations for Plaintiffs' claims, to the extent based solely on the fact that Duarte was exposed to bed bugs, began as a matter of law on December 9, 2003, the day Duarte first had symptoms. On December 9, 2003, Duarte noticed a rash after she had "woke up feeling as if something stung or bit me on the neck/head area." Pls.' Ex. 2. As the day progressed, her welts increased in number and size, and were very itchy. *Id.* The Hotel ultimately transferred her to another room after she found that the linens in her room had been removed, and the bed mattress turned over. Duarte Decl. ¶¶ 7,

---

[2](...continued)
Because the parties did not address the basis of each of Plaintiffs' claims, the court limits its Order to whether Plaintiffs' allegations concerning events on December 9, 2003 are timely.

10.  Further, Duarte confronted Boyd Defendants during and after her stay about whether there were insects in the room.  *See* Duarte Decl. ¶¶ 14, 19, 21.  Given these facts, there is no genuine issue as to whether Plaintiffs knew, or at the very least had notice, that (1) the Hotel had provided Duarte a room with insects in it, (2) Plaintiff contracted a rash from these insects, and (3) the Hotel room had caused her injuries.  *See Ass'n of Apartment Owners of Newton Meadows*, 115 Haw. at 277, 167 P.3d at 270 (listing elements of a tort claim).  Accordingly, Plaintiffs should have filed any claim for injuries resulting from exposure to bed bugs by December 2005, two years after her injury.

In Opposition, Plaintiffs argue that their claims take benefit of HRS § 657-20, which extends the limitations period to six years where the defendant fraudulently conceals facts that would provide a basis for a plaintiff's claims.  *See* HRS § 657-20.  The court disagrees HRS § 657-20 applies to Plaintiffs' claims regarding exposure to bed bugs.  As used in HRS § 657-20, "the fraudulent concealment which will postpone the operation of the statute must be the concealment of the fact that plaintiff has a cause of action.  If there is a known cause of action there can be no fraudulent concealment."  *Au v. Au*, 63 Haw. 210, 215-16, 626 P.2d 173, 178 (1981) (citation and quotation signals omitted).  As explained above, Plaintiffs should have discovered their cause of action for bed

bugs in December 2003 based on the information they had available to them. Accordingly, whether Boyd Defendants attempted to conceal facts from them would not toll the statute of limitations. Plaintiffs had notice of this claim in December 2003, and had two years to file an action from this date.

Plaintiffs' allegation that Boyd Defendants are liable for Duarte's exposure to chemicals, however, raises a question of fact of when the statute of limitations began. Unlike the bed bugs -- where Duarte reported that she had "woke up feeling as if something stung or bit me" and had "itchy and hard welty splotches," *see* Pls.' Ex. 2, -- there is no evidence indicating that Duarte knew, or should have known, that she was exposed to chemicals. Although Duarte knew that someone had been in her room after she reported her rash to Hotel personnel and suspected that she was exposed to insecticides, *see* Duarte Decl. ¶ 21, these facts, standing alone, do not necessarily lead to the conclusion that Duarte should have known Boyd Defendants had Orkin spray chemicals in her room until she was told this fact on August 24, 2006. *See* Pls.' Ex. 1.

During the hearing, Boyd Defendants argued that Duarte's Declaration establishes that knew she was exposed to chemicals prior to Boyd Defendants disclosing this fact on August 24, 2006. The court disagrees that Duarte's Declaration shows as a matter of law that Duarte knew or should have

known that she was exposed to chemicals.  Specifically, Duarte stated that "[t]he lawyers that I consulted told me that without more specific information they could not proceed to file any claims on my behalf based solely upon my unconfirmed suspicions about the existence of beg bugs or my exposure to insecticides or other chemicals."  Duarte Decl. ¶ 21.  Mere suspicions are neither knowledge nor notice.  The court therefore finds that a question of fact exists whether Plaintiff had sufficient notice of her claims based on exposure to chemicals prior to August 24, 2006.[3]  Accordingly, the court GRANTS in part and DENIES in part Boyd Defendants' Motion for Summary Judgment.

///

///

///

///

///

///

///

///

---

[3] Because the court finds that a question of fact exists whether Plaintiffs' claims based on exposure to chemicals are timely pursuant to HRS § 657-7, the court does not address whether HRS § 657-20 could also apply.

## V. **CONCLUSION**

For the reasons discussed above, the court GRANTS in part and DENIES in part Boyd Defendants' Motion for Summary Judgment. Plaintiff's claims, to the extent based on injuries resulting from exposure to bed bugs on December 9, 2003, are time-barred.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, September 5, 2008.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Duarte et al. v. California Hotel et al.*, Civ. No. 08-00185 JMS-LEK, Order Granting in Part and Denying in Part Boyd Defendants' Motion for Summary Judgment