THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| LINDA R. DUARTE, KEVIN MCCOWAN, | )  CIVIL NO. 08-00185 JMS/LEK |
| | ) |
| | )  ORDER GRANTING ORKIN |
| Plaintiffs, | )  DEFENDANT'S MOTION TO |
| | )  DISMISS, OR IN THE |
| vs. | )  ALTERNATIVE, TO TRANSFER |
| | )  VENUE |
| CALIFORNIA HOTEL & CASINO | ) |
| dba CALIFORNIA HOTEL; et al., | ) |
| | ) |
| Defendants. | ) |
| _____ | ) |

## ORDER GRANTING ORKIN DEFENDANT'S MOTION TO DISMISS, OR IN THE ALTERNATIVE, TO TRANSFER VENUE

## I.  INTRODUCTION

On April 24, 2008, Plaintiffs Linda Duarte ("Duarte") and Kevin

McCowan ("McCowan") (collectively "Plaintiffs") filed a Complaint against

California Hotel & Casino (the "Hotel"), Boyd Gaming Corp. ("Boyd"), Michael

Cushman ("Cushman") and James Wall ("Wall") in their individual and

representative capacities as employees of Boyd (collectively "Boyd Defendants"),

Orkin, Inc. ("Orkin"),[1] and Lonnie Tucker in his individual and representative

capacity as an Orkin Operations Manager, seeking redress for injuries Duarte

---

[1]  Plaintiffs and Orkin agree that Orkin, Inc. is the same party that was incorrectly identified as "Orkin Commercial Services" in the Complaint.  Orkin Mot. 1; Pls.' Opp'n 1.

allegedly sustained from bug bites and exposure to insecticides at the Hotel in December 2003 and for Plaintiffs' mental pain, anguish, emotional distress, worry, and anger stemming from Duarte's continued illness.

Currently before the court is Orkin's Motion to Dismiss, or in the Alternative, to Transfer Venue ("Orkin's Motion") in which it argues, among other things, that venue is improper such that this action should be transferred to the District of Nevada.  Based on the following, the court GRANTS Orkin's Motion to Transfer Venue and TRANSFERS the entire action to the District of Nevada.

## II. <u>BACKGROUND</u>

**A.    Factual Background**

As alleged in the Complaint, Duarte was a guest at the Hotel starting on December 7, 2003.  Compl. ¶ 13.  On December 9, 2003, Duarte awoke "and discovered that she had a rash on her body of what appeared to be insect bites."  *Id.* ¶ 14.  Duarte reported the rash to a housekeeper and after returning from a shopping trip, found that the linens in her room had been removed, the bed mattress turned over, and her personal belongings still in the room.  *Id.* ¶¶ 15, 17. In the meantime, her rash had intensified and she experienced a high temperature, nausea, and diarrhea.  *Id.* ¶ 16.  The Hotel then moved Duarte to another room.  *Id.* ¶ 18.  The Hotel security personnel later transported Duarte to Fremont Medical

Center, where a physician examined her, treated her with a steroid shot, and provided her with prescription medication.  *Id.* ¶ 18.

On or about August 24, 2006, the Hotel sent Duarte a letter indicating that she had been exposed to bed bugs at the Hotel and that Orkin employees sprayed her first room with highly toxic chemicals before they moved her to another room.  *Id.* ¶ 26.  "Although Plaintiffs contacted . . . Orkin . . . to determine the precise chemicals to which she was exposed, Plaintiffs have not received any responses to their inquiries."  *Id.* ¶ 27.  Duarte suffers from serious and permanent physical and neurological injuries, and Plaintiffs suffer mental pain, anguish, emotional distress, worry, and anger.  *Id.* ¶¶ 28, 30.

## B.    Procedural Background

On April 24, 2008, Plaintiffs filed their Complaint, alleging five causes of action: (1) violation of special duty as innkeepers, (2) breach of implied warranty of habitability, (3) negligent infliction of emotional distress, (4) punitive damages, and (5) "provid[ing] false, misleading, and deceptive information."[2] Compl. ¶¶ 32, 34, 36, 38, 40.

---

[2] On July 24, 2009, parties stipulated to dismissal with prejudice of all claims against Lonnie Tucker.  Doc. No. 51.

On September 8, 2008, the court granted in part and denied in part a Motion for Summary Judgment by the Hotel, Boyd, Cushman, and Wall.  Doc. No. 20.  The court dismissed on statute of limitations grounds the allegations relating to exposure to bed bugs, but denied the motion based on exposure to chemicals.  *Id.*

On August 7, 2009, Orkin filed the present Motion to Dismiss.  On August 26, 2009, Plaintiffs filed their Opposition, and Orkin filed a Reply on September 2, 2009.  A hearing was held on September 22, 2009.[3]  On November 20, 2009, the parties filed Supplemental briefing.

### III.  <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 12(b)(3) provides that a court may dismiss a claim for improper venue.  In deciding a Rule 12(b)(3) motion, the court may consider facts outside the pleadings and need not accept the pleadings as true. *Kukje Hwajae Ins. Co. v. M/V HYUNDAI LIBERTY*, 408 F.3d 1250, 1254 (9th Cir. 2005); *see also Argueta v. Banco Mexicano, S.A.*, 87 F.3d 320, 324 (9th Cir. 1996).  Once venue is challenged, the plaintiff has the burden of proving that venue is

---

[3]  At the September 22, 2009 hearing, the parties agreed that the court should first determine Boyd Defendants' Motion for Summary Judgment, filed on August 27, 2009, because it could have disposed of this case.  On October 21, 2009, however, the court denied Boyd Defendants' Motion for Summary Judgment.  Doc. No. 81.

proper in this district.  *See Piedmont Label Co. v. Sun Garden Packing Co.*, 598

F.2d 491, 496 (9th Cir. 1979).

## IV.  <u>DISCUSSION</u>

Orkin argues that venue in Hawaii is improper because it is not a

Hawaii citizen[4] and the events underlying the claims occurred in the District of

Nevada.  Based on the following, the court finds that venue is improper as to Orkin

in the District of Hawaii, and that the entire action should be transferred to the

District of Nevada.[5]

### A.    **Venue as to Orkin**[6]

Venue in this diversity action is governed by 28 U.S.C. § 1391(a),

which provides that a diversity action may be brought only in:

> (1) a judicial district where any defendant resides, if all
> defendants reside in the same State, (2) a judicial district
> in which a substantial part of the events or omissions
> giving rise to the claim occurred, or a substantial part of
> property that is the subject of the action is situated, or

---

[4] Orkin is a wholly-owned subsidiary of Rollins, Inc., both of which are incorporated in the State of Delaware and have their principal places of business in the State of Georgia.  Orkin Mot. 2; Rubin Decl. ¶ 2.

[5] Because the court finds that venue is improper in the District of Hawaii as to Orkin, the court does not address the merits of Orkin's other arguments.

[6] For the first time in their Supplemental Statement, Boyd Defendants argue that venue is improper as to them.  Because the Boyd Defendants did not timely raise a venue objection, they have waived this argument.  *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir. 1992) (citing Fed. R. Civ. P. 12(g) and (h)).

(3) a judicial district in which any defendant is subject to
personal jurisdiction at the time the action is commenced,
if there is no district in which the action may otherwise
be brought.

Because paragraphs one and three of § 1391(a) do not apply, the court

must determine whether "a substantial part of the events or omissions giving rise to

the claim occurred" in Hawaii.  28 U.S.C. § 1391(a)(2).

The "substantiality" requirement of § 1391(a)(2) "is intended to

preserve the element of fairness so that a defendant is not haled into a remote

district having no real relationship to the dispute." *Cottman Transmission Sys.,*

*Inc. v. Martino*, 36 F.3d 291, 294 (3rd Cir. 1994).  A "substantial part of the events

or omissions" does not mean, however, that the events in that district predominate

or that the chosen district is the "best venue." *Pecoraro v. Sky Ranch for Boys,*

*Inc.*, 340 F.3d 558, 563 (8th Cir. 2003); *First of Mich. Corp. v. Bramlet*, 141 F.3d

260, 264 (6th Cir. 1998); *see also Mitrano v. Hawes*, 377 F.3d 402, 405 (4th Cir.

2004) (noting that "it is possible for venue to be proper in more than one judicial

district").  "Only the events that directly give rise to a claim are relevant.  And of

the places where the events have taken place, only those locations hosting a

'substantial part' of the events are to be considered." *Jenkins Brick Co. v. Bremer*,

321 F.3d 1366, 1371 (11th Cir. 2003); *Silver Valley Partners L.L.C. v. De Motte*,

400 F. Supp. 2d 1262, 1269 (W.D. Wash. 2005) (same).

To determine substantiality, the court looks to "the entire sequence of events underlying the claim[s], and focus[es] on the defendants' (rather than the plaintiff's) actions." *Lee v. Corr. Corp. of Am.*, 525 F. Supp. 2d 1238, 1241 (D. Haw. 2007) (internal quotation marks and citations omitted); *Jenkins*, 321 F.3d at 1371-72 ("Congress . . . 'meant to require courts to focus on relevant activities of the defendant, not of the plaintiff.'") (quoting *Woodke v. Dahm*, 70 F.3d 983 (8th Cir. 1995)); *Uffner v. La Reunion Francaise, S.A.*, 244 F.3d 38, 42 (1st Cir. 2001). "[F]or venue to be proper, *significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question, even if other material events occurred elsewhere." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005).

Applying these principles, the substantial events giving rise to Plaintiffs' claims against Orkin are that: (1) Orkin employees allegedly sprayed pesticides in Duarte's hotel room in Nevada, and (2) Orkin did not respond to Plaintiffs' inquiries regarding the precise chemicals to which Duarte was exposed. Compl. ¶¶ 26-27.

As to the first event, it is undisputed that this event occurred in Nevada. As to the second event, Orkin's non-response to Plaintiffs' inquiries does not qualify as a substantial event in Hawaii. The Complaint simply alleges that

7

"[a]lthough Plaintiffs contacted . . . Orkin . . . to determine the precise chemicals to which [Duarte] was exposed, Plaintiffs have not received any responses to their inquiries." Compl. ¶ 27. The Complaint leaves unanswered: (1) who at Orkin was contacted; (2) what information Plaintiffs gave Orkin; (3) whether Orkin actually received Plaintiffs' request for information; and (4) whether Orkin was aware that Plaintiffs were located in Hawaii. Focusing on Orkin's acts, Orkin's mere failure to respond to a request for information from individuals located in Hawaii is insufficient to establish a "substantial" event in Hawaii. Accordingly, the court concludes that venue is improper in Hawaii as to Orkin because no significant events material to Plaintiffs' claims occurred in Hawaii.

In opposition, Plaintiffs argue that "[d]efendants continued their malicious or bad faith action and provided false and misleading information to Plaintiffs while they were in Hawaii." Pls.' Opp'n 9. The Complaint, however, makes this allegation as to the Boyd Defendants, not Orkin. While it is true that the Hotel and Boyd may have had contacts with Plaintiffs in Hawaii, *see* Pls.' Opp'n 10, Plaintiffs cannot establish venue as to Orkin based on Plaintiffs' contacts with other Defendants. Venue is determined by claim and defendant, and Plaintiffs must establish that venue is proper as to *each* Defendant and *each* claim. *See Pacer Global Logistics, Inc. v. AMTRAK*, 272 F. Supp. 2d 784, 788 (E.D. Wis.

2003) ("In order for venue to be proper in an action, it must be proper as to all defendants and all claims." (citation omitted)); *Cummings v. W. Trial Lawyer's Ass'n*, 133 F. Supp. 2d 1144, 1149 (D. Ariz. 2001) ("When the cause of action is personal to the individual defendant, the venue requirement must be met as to that defendant." (citation omitted)); *Bearse v. Main St. Invs.*, 170 F. Supp. 2d 107, 116 (D. Mass. 2001) ("where venue is based on § 1391(a)(2), the so-called 'transactional' basis for venue, venue . . . must be established against *each* 'claim' and against *each* defendant" (citations and internal quotation marks omitted)); *Hickey v. St. Martin's Press*, 978 F. Supp. 230, 241 (D. Md. 1997) (noting "that [the] plaintiff has not met his burden in [a] multi-defendant case of showing that venue is appropriate as to each defendant"); *Shuman v. Comp. Assoc. Int'l, Inc.*, 762 F. Supp. 114, 115 (E.D. Pa. 1991) ("In a case in which multiple defendants are joined, proper venue must be established as to each defendant.  Similarly, in a case in which multiple claims are joined, venue must be proper for each claim." (citing 15 C. Wright & A. Miller, Fed. Prac. & Proc. § 3808 (1986))); *see also* 28 U.S.C. § 1391(a)(2) (providing for proper venue in "a judicial district in which a substantial part of the events or omissions giving rise to the *claim*" occurred (emphasis added)).

Plaintiffs also argue that their ongoing harm constitutes a substantial event in Hawaii.  The court rejects this argument -- allegations regarding where Plaintiffs felt their injuries are irrelevant to the venue determination, which focuses on a defendant's actions.  *See Wisland v. Admiral Beverage Corp.*, 119 F.3d 733, 736 (8th Cir. 1997) (holding that the location of the defendants' alleged negligence was the proper venue rather than the location of the plaintiff's medical treatment); *Ukai v. Fleurvil*, 2006 WL 3246615, at *3-4 (D. Haw. Nov. 7, 2006) (finding venue in Hawaii improper where the plaintiff received medical care in Hawaii for an injury in New York); *Whiteman v. Grand Wailea Resort*, 1999 WL 163044, at *2 (N.D. Cal. Mar. 17, 1999) (stating that the location of treatment was irrelevant to venue determination and that plaintiff's medical treatment in California was insufficient to create venue for an injury in Hawaii).

In sum, the court finds that venue in Hawaii is improper as to Plaintiffs' claims against Orkin.

**B.      Severance or Transfer of the Entire Action**

Because the court finds that venue is improper in the District of Hawaii as to Orkin, but has not ruled that venue is improper in the District of Hawaii as to the Boyd Defendants, the court must next determine whether to sever the action or transfer the entire matter.  The parties agree that this action could

10

have been brought in the District of Nevada given that Duarte's exposure to chemicals in the Hotel in Nevada constitutes a substantial event that gives rise to Plaintiffs' claims against all Defendants.  *See* Orkin Mot. 7-9; Pls.' Opp'n 9. Alternatively, the court could, as Boyd Defendants argue, sever the claims between Defendants and transfer only the claims against Orkin to the District of Nevada.[7]

The answer is not provided by 28 U.S.C. § 1406(a)'s plain language; it merely provides that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Although the Ninth Circuit has not interpreted application of § 1406(a) where venue is proper as to one defendant and not for another, *Cottman Transmission Sys., Inc. v. Martino*,  36 F.3d 291, 296 (3rd Cir. 1994), held that it is within the court's discretion to determine whether to sever the claim or transfer the entire action:

> [The court] should not sever if the defendant over whom
> jurisdiction is retained is so involved in the controversy
> to be transferred that partial transfer would require the
> same issues to be litigated in two places.  When the

---

[7]  A third option would be to dismiss the claims against Orkin -- a result that none of the parties suggests and which the court summarily rejects.

> conduct of a co-defendant as to whom venue is proper is
> central to the issues raised by the plaintiff against those
> subject to transfer, the grant of a severance would not
> ordinarily be consistent with the sound exercise of
> discretion.

(quoting and citing *Sunbelt Corp. v. Noble, Denton & Assocs., Inc.*, 5 F.3d 28,

33-34 (3d Cir. 1993)).[8]

Following these principles, courts often find that the interests of

justice warrant transfer of an entire action as opposed to splitting the action

between two different venues.  *See e.g., Loeb v. Bank of Am.*, 254 F. Supp. 2d 581,

588 n.14 (E.D. Pa. 2003) (denying severance because the conduct of defendants as

to whom venue may have been improper was central to the issues between the

plaintiff and the defendant as to whom venue was improper); *Quality Improvement*

*Consultants, Inc. v. Williams*, 2003 WL 543393, at *10 (D. Minn. Feb. 24, 2003)

("Breaking this case into separate pieces would create additional costs for the

------

[8] Wright et al., 14D Fed. Prac. & Proc., § 3827 (3d ed. West 2009), also recognizes the
court's broad discretion:

> If venue is proper for some defendants but improper for
> others, the district court has wide discretion.  It may transfer the
> entire case to another forum that would be proper for all the
> defendants as many courts have done.  Alternatively, it may
> retain the case as to those defendants who have been properly
> sued there and either transfer the severed portion of the case for
> those defendants for whom venue is improper or dismiss the
> action as to those defendants.

(footnotes omitted).

parties and for the courts."); *Holmgren v. Allen*, 886 F. Supp. 641, 643 (N.D. Ill. 1994) (transferring an entire action "[t]o avoid piecemeal litigation and unnecessary duplication of fees and costs"); *De La Fuente v. I.C.C.*, 451 F. Supp. 867, 871 (D.C. Ill. 1978) (denying severance of the complaint because it would involve splitting of "factually interrelated claims").

The court finds that the entire action should be transferred to the District of Nevada because Orkin's alleged conduct -- i.e., that Orkin sprayed chemicals in Duarte's Hotel room, causing Plaintiffs' injuries -- is central to Plaintiffs' claims against Boyd Defendants.  Indeed, Plaintiffs would have no injury and no claim but for Orkin's alleged actions.  As a result, severance in this action would involve separate trial of similar issues in two different venues with the possibility of incongruent substantive results.  Severance would also necessarily involve far greater costs for both the parties and the judiciary, given that the two separate litigations would involve substantially overlapping facts. Transfer, on the other hand, would avoid trial of similar issues in two different venues and would not unnecessarily increase costs to parties or the judiciary.

In opposition, Plaintiffs argue that Orkin is a "[]dispensable party" to claims against Boyd Defendants, and therefore, according to *Anrig v. Ringsby United*, 603 F.2d 1319, 1324 (9th Cir. 1978), the court should sever their claims

13

against Orkin and transfer only those claims to the District of Nevada.  Pls.' Suppl.

Brief 12-13.  *Anrig*, however, is inapplicable.

Unlike this action, *Anrig* involved an appeal of a trial court's decision

to dismiss an entire action where venue was improper as to only some defendants.

*Anrig* found that under the "unique circumstances of this case," the district court

should have determined whether the defendants for whom venue was improper

were indispensable, and if they were dispensable, sever the claims against them.

*Anrig*, 603 F.2d at 1324.  In short, *Anrig* did not address the issue before this court

of whether transfer of the entire action is appropriate where another venue has

jurisdiction.

Finally, Boyd Defendants argue that the court's scheduling of a trial

and prior work on this case warrant severance of claims, which would minimize

demand for court resources as to Plaintiffs' claims against Boyd Defendants.

While the court addressed several motions by the parties, "[t]here is a strong policy

favoring litigation of related claims in the same tribunal, and it has been held that

unless there are *compelling* reasons otherwise, there is no justification for separate

trials in separate districts."  *Teleprompter Corp. v. Polinsky*, 447 F. Supp. 53

(S.D.N.Y. 1977) (citations and internal quotation marks omitted) (emphasis

added).  Contrary to Plaintiffs' argument, the court's scheduling and relative

14

familiarity with this case are not compelling reasons to disregard the strong policy in favor of litigating related claims in the same venue -- especially where severance necessarily results in duplicitous costs on the parties and the judiciary.

Therefore, in the interest of justice, the court transfers the entire action to the District of Nevada.

## V.  CONCLUSION

Based on the above, the court GRANTS Orkin's Motion to Dismiss, or in the Alternative, to Transfer Venue, and TRANSFERS this action to the District of Nevada.

IT IS SO ORDERED.

DATED:  Honolulu, Hawaii, December 4, 2009.



/s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*Duarte v. California Hotel & Casino*, Civ. No. 08-00185 JMS/LEK, Order Granting Orkin Defendant's Motion to Dismiss, or in the Alternative, to Transfer Venue